IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTIE P. BLAKELY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.   CIV-06-485-F |
| MICHAEL J. ASTRUE,[1] Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3) of the Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED**.

## PROCEDURAL HISTORY

Plaintiff filed her application for SSI on June 9, 2003 alleging a disability since March 31, 2003 (TR. 350-353). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 327, 328). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on June 7, 2005 (TR. 566-602). The Plaintiff appeared in person and with her attorney and offered her testimony in support of the application (TR. 570-588).

_____

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this action. 42 USC § 405(g); Fed. R. Civ. P. 25(d)(1).

A vocational expert (VE) testified at the request of the ALJ (TR. 589-602). The ALJ issued her decision on August 13, 2005 finding that Plaintiff was not entitled to SSI (TR. 21-28). The Appeals Council denied the Plaintiff's request for review on March 27, 2006 and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 13-15).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 27). At step two, the ALJ concluded that Plaintiff's "back and right leg pain and numbness in the right arm and hand" were severe impairments (TR. 27). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 27). At step four, the

ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work (PRW) as a baker and a nurse assistant (TR. 27). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to SSI (TR. 27-28).

On appeal to this Court, Plaintiff alleges that (I) the ALJ erred in formulating her RFC; and that (II) the ALJ erred in her assessment of Plaintiff's credibility.

**Medical Evidence**

In September 2003 Plaintiff underwent a consultative examination performed by Bradley Haskell, M.D., who found that Plaintiff had limited range of motion in her back, neck, hips, ankles, shoulders, and fingers; that her back was mildly tender to palpation in the S1 to L1 area; and that no muscle spasm was noted in her back (TR. 493-495). Dr. Haskell also found that Plaintiff had no cyanosis, clubbing or edema in her extremities; and that although Plaintiff complained of numbness in her right arm, he noted that there was no atrophy of the arm (TR. 495). Dr. Haskell further reported that Plaintiff's gait was stable and steady (TR. 496).

In February 2004, a physical RFC assessment was completed by agency physicians in which they concluded that Plaintiff was able to occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds, and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 505). Agency physicians further concluded that Plaintiff could only occasionally stoop, but that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 506-508).

**Hearing Testimony**

Plaintiff testified that she "had no feeling" in her left hand; that she had arthritis in her right hand; and that she had constant "terrible" pain in her lower back which travels down her right leg to her ankle (TR. 575-576). She also testified that she had constant numbness and tingling in her

lower right leg and toes; and that she had muscle spasms in her right leg "all the time" (TR. 577-578). She further testified that she could only walk one block; that she could lift only ten pounds; and that her pain medication made her drowsy (TR. 583-585).

## I.

Plaintiff argues that the ALJ erred in determining her RFC (See Plaintiff's Brief at pages 2-5). Specifically, Plaintiff urges that the ALJ failed to make a finding regarding the demands of her PRW; improperly relied on VE testimony as the sole basis for her conclusion that Plaintiff's impairments did not preclude the performance of her PRW; and failed to "obtain information about the specific demands of Blakley's PRW that would have a bearing on [sic] his exertional abilities of the job of nurse assistant and baker sufficient to comply with the analysis required" in *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996).

In determining the physical and mental demands of Plaintiff's PRW the ALJ properly relied upon Plaintiff's own statements and upon the occupational definitions from the Dictionary of Occupational Titles (TR. 105, 261, 269-271, 293-294, 365, 373-375, 390, 391, 573-574, 589-592, 595-596). The ALJ also included in her opinion the required finding of fact as to the mental and physical demands of Plaintiff's PRW when she stated that Plaintiff's PRW as a "baker and nurse assistant did not require the performance of work related activities precluded by her residual functional capacity" (TR. 27).

The ALJ further complied with SSR 82-62's mandate by including a specific finding that the "claimant's medically determinable back and neck pain and numbness in the right arm and hands do not prevent the claimant from performing her past relevant work" (TR. 27). In arriving at her conclusion the ALJ relied on the medical evidence, Plaintiff's own statements and the testimony of the VE (TR. 26-27).

Plaintiff argues that reliance on the VE's testimony at step four was improper and that the VE's response failed to "elaborate on or provide any information regarding the demands of the

4

nurse assistant and baker jobs" (See Plaintiff's Brief at page 3).  In support of her position, Plaintiff cites *Winfrey*.  While instructive on the responsibilities of an ALJ at step four, the undersigned finds that *Winfrey* is not dispositive. In *Winfrey* the ALJ failed to include all of Plaintiff's exertional limitations in his RFC finding and failed to develop the record on, and to make the required findings about, the mental demands of Plaintiff's PRW. *Winfrey* at 1025.  This failure infected the third phase, where the ALJ abdicated his fact finding and evaluation responsibilities to the VE. *Winfrey* at 1025.  In the present case, the ALJ included in the RFC all of Plaintiff's limitations which were supported by substantial evidence.

The ALJ's reliance on the testimony of the VE was proper only because her questions to the VE included all of the limitations established by substantial evidence and because the ALJ made her own specific findings (TR. 596).  While the ALJ may rely on information supplied by the VE at step four, the ALJ herself must make the required findings on the record, including her own evaluation of the claimant's ability to perform her past relevant work. SSR 82-62; *Winfrey* at 1025.

Thus, it appears that the ALJ's analysis of Plaintiff's RFC and her RFC determination are supported by substantial evidence.

## II.

Plaintiff argues on appeal that the ALJ erred in her assessment of Plaintiff's credibility (See Plaintiff's Brief at pages 5-6). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* At 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain.  "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain."  *Id.*   Third, the decision maker, considering all of the medical data

presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164. In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). *See also Luna*, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In the present case the ALJ reached step three of the *Luna* analysis and in assessing the credibility of the Plaintiff followed the dictates of *Kepler* by providing a thorough and meaningful discussion of the evidence which linked specific evidence to her findings (TR. 25-26).

In accordance with *Luna* and *Kepler,* the ALJ determined that the medical evidence did not support the degree of limitation claimed by Plaintiff. The absence of an objective medical basis for

6

the degree of severity of pain may affect the weight given to subjective allegations of pain. *Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993); *See Luna*, at 165 (10th Cir. 1987). Further, Although Plaintiff complained of pain, none of Plaintiff's doctors provided explicit confirmation of the existence of disabling pain and this absence of confirmation detracted from Plaintiff's credibility. *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990); *Huston v. Bowen*, 838 F.2d 1131, 1129 (10th Cir. 1988).

An ALJ's determination of credibility is given great deference by the reviewing court. *See Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992). On appeal, the court's role is to verify whether substantial evidence in the record supports the ALJ's decision, and not to substitute the court's judgment for that of the ALJ. *Kepler* at 391; (Credibility determinations are peculiarly within the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence); *Musgrave*, 966 F.2d 1371, 1374.

Thus, it appears from the record that the ALJ's credibility determination was supported by substantial evidence and should not be disturbed on appeal.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and should be **AFFIRMED**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 2nd day of April, 2007.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE